**In re Mary Ann Bell KENNO, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 00–BG–4.**

District of Columbia Court of Appeals.

Submitted Jan. 10, 2001.

Decided Feb. 1, 2001.

1. Respondent consented to the Maryland dis-

Before WASHINGTON, Associate Judge, and PRYOR and MACK, Senior Judges.

PER CURIAM:

In this reciprocal discipline case from Maryland, the Board on Professional Responsibility ("Board") recommends that respondent, Mary Ann Bell Kenno, be disbarred. On December 7, 1999, the Court of Appeals of Maryland disbarred respondent for failure to appropriately maintain client funds in trust in violation of Maryland law and the Maryland Rules of Professional Conduct.[1] We entered an order on January 13, 2000, suspending respondent from the practice of law in the District of Columbia, pursuant to D.C. Bar R. XI, § 11(d), and directing the Board to determine whether reciprocal discipline should be imposed.

We concur with both the Board and Bar Counsel that none of the five exceptions to the imposition of reciprocal discipline contained in D.C. Bar R. XI, § 11(c) are applicable. Failure to appropriately maintain client funds in trust violates the District of Columbia Rules of Professional Conduct. Disbarment is within the range of sanctions in the District of Columbia for this misconduct. *See In re Pierson,* 690 A.2d 941, 951 (D.C. 1997); *In re Addams,* 579 A.2d 190, 199 (D.C.1990) (en banc). In reciprocal discipline cases, there is a presumption in favor of imposing the same discipline in this

barment.

jurisdiction as that of the original disciplining jurisdiction. *See In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992). Where, as is the case here, neither respondent nor Bar Counsel has filed an exception to the Board's recommendation, our review is even more limited and deferential. *See In re Goldsborough,* 654 A.2d 1285, 1288 (D.C. 1995). Accordingly, we accept the recommendation of the Board. It is therefore

ORDERED that respondent be, and hereby is, disbarred in the District of Columbia. Respondent's attention is drawn to the requirements of D.C. Bar R. XI, § 14 and their relationship to the timing of the right to seek reinstatement set forth in D.C. Bar R. XI, § 16(c).

*So ordered.*

Before TERRY and FARRELL, Associate Judges, and GALLAGHER, Senior Judge.